**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KENNETH TUCKER,                           :
                                          :      Civil Action No. 10-2125 (NLH)
        Petitioner,              :
                                          :
    v.                                  :      **OPINION**
                                          :
F.G. ROCKWELL, III, *et al.*,             :
                                          :
        Respondents.             :

**APPEARANCES:**

Kenneth Tucker
33351-183
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
Petitioner pro se

**HILLMAN,** District Judge

    Petitioner Kenneth Tucker, a prisoner currently confined at Federal Correctional Institution Fort Dix, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and has paid the $5 filing fee.  He has named F.G.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ...
(5) It is necessary to bring him into court to testify or for trial.

1

Rockwell, III[2] and Donna Zickefoose as respondents.  Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be denied.  See 28 U.S.C. § 2243.

### I.   BACKGROUND

Petitioner requests that this Court issue a Writ of Habeas Corpus Ad Testificandum so that he may testify before Judge F.G. Rockwell, III, Presiding Judge, Chesterfield Circuit Court, 12th Judicial Circuit of Virginia.  Petitioner did not provide any specific information regarding the underlying case for which he files this Writ.  Petitioner states that his case depends on his own testimony and that he would like to be able to cross examine the Defendants and Witnesses.

### II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429

---

[2]F.G. Rockwell, III is not a properly named respondent in this matter as a writ of habeas corpus ad testificandum is properly directed toward the custodian of the potential witness.  28 U.S.C. § 2241(c)(5).

U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III. ANALYSIS

The habeas corpus statute together with the All Writs Act provides federal courts the authority to grant a writ of habeas corpus ad testificandum.  28 U.S.C. § 1651(a), 2241(c)(5).  It is within the discretion of the trial court whether or not to issue a writ of habeas corpus ad testificandum to direct the custodian of an incarcerated individual to produce the prisoner to appear for testimony at a trial.  28 U.S.C. § 2241(c)(5).  Writs of this nature are issued by the trial court to bring an incarcerated state or federal prisoner as witness into federal court.  See United States v. Cruz-Jiminez, 977 F.2d 95, 99 (3d Cir. 1992).

Here, this Court is not the trial court hearing the matter

3

at which Petitioner seeks to testify.  As such, this Court does not have proper jurisdiction to issue a writ of habeas corpus ad testificandum in this matter.

## IV.   CONCLUSION

For the reasons set forth above, the Petition for Writ of Habeas Corpus Ad Testificandum will be denied.  An appropriate order follows.


At Camden, New Jersey            /s/ NOEL L. HILLMAN
                                 Noel L. Hillman
                                 United States District Judge
Dated: JUNE 18, 2010